MICHAEL SAVAGE *v.* SOPHIA C. YELLMAN.

[Abstract Kentucky Law Reporter, Vol. 4—991.]

**Correction of Deed of Conveyance.**

> A conveyance of real estate may be corrected and made to describe the land actually sold when the description in the deed is incorrect, whether the misdescription was the result of fraud or mistake or both combined.

APPEAL FROM FAYETTE CIRCUIT COURT.

May 12, 1883.

OPINION BY JUDGE HARGIS:

The evidence furnished by the plat and survey of the lots, aside from the other testimony in the case, settles beyond a doubt, the fact that the appellee executed the deed through mistake conveying the boundary embraced by it. The evidence shows that she refused to sell any except the corner lot; that the lot next to it had a house on it which was bringing her $5.00 per month rent and for that reason she did not wish to sell it. But the deed as drawn cuts a part off of that house, and if the line be run and fenced according to the deed it will destroy the value of the house. The lot sold was fenced so the appellant and any one else could see where the boundary was, and we are satisfied if appellant acted in good faith, that both parties to the deed were mutually mistaken as to the meaning of the language, "thence extending back from said Fourth street between

parallel lines one hundred and forty feet" as used in the deed. She sold and he bought the corner lot embraced by the old plank fence, and whether the deed was the result of fraud or mistake or both combined, it did not correctly describe the lot which was conveyed by it, and the court, as we think, did right to reform it so as to conform to the contract of sale.

The judgment is *affirmed*.

*Morton & Parker*, for appellant.

*Tanner & Sharp*, for appellee.

[Cited, *Hill v. Clark*, 32 Ky. L. 595, 106 S. W. 805.]